IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEANDRO ESCALANTE, ID # 1093639, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:03-CV-0941-G |
| | ) | |
| DOUGLAS DRETKE,[1] Director, | ) | (Consolidated with: |
| Texas Department of Criminal | ) | No. 3:03-CV-0942-G |
| Justice, Correctional Institutions Division, | ) | No. 3:03-CV-0944-G) |
|     Respondent. | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

**A. Nature of the Case:** The Court has under consideration three consolidated petitions for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

**B. Parties**: Petitioner is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). Respondent is Douglas Dretke, Director of TDCJ-CID.

**C. Procedural History:** On April 12, 1989, petitioner pled guilty to theft (Cause No. F88-73043-RS) and burglary of a vehicle (Cause No. F89-72365-S) and the trial court deferred adjudication of his guilt and placed him on probation for five years. *See Escalante v. State*, Nos. 05-00-00365-

---

[1] On August 1, 2003, the Texas Department of Criminal Justice - Institutional Division became the Texas Department of Criminal Justice - Correctional Institutions Division, and Douglas Dretke became the Director of the renamed division. The Court thus substitutes him for Janie Cockrell. *See* Fed. R. Civ. P. 25(d)(1).

CR, 05-00-00366-CR, 05-00-00367-CR, 2001 WL 1382126, at *1 (Tex. App. – Dallas Nov. 8, 2001) (setting forth some relevant procedural history). On August 13, 1992, petitioner pled guilty to another theft charge (Cause No. F91-31781-S). *Id.* Such plea resulted in a ten-year sentence that the trial court probated for ten years. *Id.* Furthermore, based upon that plea, the trial court adjudicated petitioner guilty of his prior theft and burglary offenses, sentenced him to ten years imprisonment for each offense, and probated each sentence for ten years. *Id.*

In 1999, the State indicted petitioner for aggravated sexual assault and moved to revoke petitioner's probation in the three aforementioned cases based upon the commission of such aggravated sexual assault and another assault. *Id.* On February 23, 2000, a jury acquitted petitioner of aggravated sexual assault. *Id.* On February 24, 2000, the trial court considered the evidence in that jury trial to revoke petitioner's probation in his burglary and theft cases. *Id.* The court ordered petitioner imprisoned for ten years on each conviction. (*See* Mem. Supp.[2] at 6.)

On February 24, 2000, petitioner appealed the revocation of his probation. *See Escalante v. State*, No. 05-00-00365-CR, http://www.courtstuff.com/FILES/05/00/05000365.HTM (docket sheet information generated Mar. 23, 2005) (Official internet site of the Court of Appeals for the Fifth District of Texas at Dallas); *Escalante v. State*, No. 05-00-00366-CR, http://www.courtstuff.com/FILES/05/00/05000366.HTM (docket sheet information generated Mar. 23, 2005); *Escalante v. State*, No. 05-00-00367-CR, http://www.courtstuff.com/FILES/05/00/05000367.HTM (docket sheet information generated Mar. 23, 2005).[3] On November 8, 2001, the court of appeals affirmed the

---

[2] Although petitioner filed a separate memorandum for each of his three federal petitions, the memorandums are sufficiently similar to cite to only one in this consolidated action. Thus, the Court will cite generically to petitioner's memorandum in support of his petitions for ease of reference.

[3] The Court will hereinafter refer to these web pages as "State Docket Sheets".

revocations of petitioner's probation and "the trial court's judgments" in that regard. *See Escalante*, 2001 WL 1382126, at *1-3. Although the court of appeals granted petitioner until January 9, 2002, to file a petition for discretionary review (PDR), petitioner filed no PDR. *See* State Docket Sheets.

More than one year later, on January 13, 2003,[4] petitioner filed state applications for writ of habeas corpus to challenge the revocation of his probation in each of his three state convictions. On April 2, 2003, the Texas Court of Criminal Appeals denied each of those state applications.[5] (Pet. Writ Habeas Corpus (Pet.) at 4.)

Petitioner commenced this action when he signed his federal petitions and placed them in the prison mail system on April 29, 2003.[6] (*See id.* at 9.) Although he checks a box on the standard federal petitions to indicate that he challenges "[a] judgment of conviction or sentence, probation or deferred-adjudication probation," it is clear from his claims that he actually challenges the revocation of his probation for each of his state convictions. (*See id.* at 2, 7-8; Mem. Supp. 8-46.) He claims that he is being held unlawfully due to (1) illegal or unconstitutional use of evidence; (2) abuse of discretion by the trial court; (3) ineffective assistance of counsel; and (4) incomplete transcription of reporter's notes. (*Id.* at 7-8; Mem. Supp. at 8-46.) With respect to the first claim,

---

[4] In his answer to a questionnaire from this Court, petitioner states that he mailed his state writs to the trial court on April 29, 2003, and due to insufficient postage, he mailed them again on May 1, 2003. (*See* Answer to Question 1 of Magistrate Judge's Questionnaire.) Because the April 29, 2003 date corresponded with the date he placed his federal petitions in the prison mail system, the Court independently verified the dates the trial court received his state writs, and discovered that petitioner filed his state writs with the trial court on January 13, 2003.

[5] As with his memoranda, petitioner filed three separate federal petitions to challenge his three state convictions, but each petition contains the relevant information on the same pages. Accordingly, the Court will cite generally to a single petition for ease of reference.

[6] Based on petitioner's answer to the Court's questionnaire, it is possible that petitioner's April 29, 2003 mailing to this Court was returned for insufficient postage. For purposes of these findings, however, the Court will assume that petitioner properly placed his federal petitions in the prison mail system on April 29, 2003. Whether he filed his federal petitions on April 29, 2003, or May 1, 2003, makes no difference to the outcome of this case.

he contends that the trial court revoked his probation based upon testimony presented in his sexual assault trial.  (Mem. Supp. at 7.)  In his second claim, he asserts that the trial court abused its discretion in revoking his probation.  (*Id.* at 8.)  Petitioner's third claim concerns alleged ineffective assistance of counsel that occurred at his revocation hearing of February 24, 2000.  (*See id.* at 3-4.)  Petitioner specifically claims that his attorney failed to object to the State's motion regarding his violation of probation; failed to object to the use of evidence from a previous jury trial; failed to suppress evidence; and failed to ask for a ten-day continuance to investigate the allegations against petitioner.  (*Id.*)  In his fourth claim, he argues that his convictions should be reversed because state records of the 1989 criminal proceedings have "been lost or destroyed through no fault of his."  (*Id.* at 8.)

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  Because petitioner filed the instant federal petitions after its effective date, the Act applies to his petitions.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions.  One of the major changes is a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was pre-

vented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petitions. Nor does he base his petitions on any new constitutional right under subparagraph (C). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date petitioner's judgments of conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

With regard to subparagraph (A), the date petitioner's judgments of conviction became final, petitioner appealed the revocation of his probation but filed no PDR, despite a granted extension of time to do so. The state "judgments" of *revocation*[7] therefore become final for purposes of § 2244(d) upon the expiration of the time for seeking further review through the filing of a PDR, *i.e.* on January 9, 2002, the date to which the court of appeals extended the deadline for such filing. *See*

---

[7] Petitioner's judgments of *conviction* became final in 1992 when the trial court ordered probated sentences on his three convictions and petitioner did not then appeal the convictions. The "judgments" that revoked petitioner's probation may simply be appealable orders under Texas law. *See Daugherty v. Dretke*, No. 3:01-CV-0202-N, 2003 WL 23193260, at *6-8 & n.14 (N.D. Tex. Dec.24, 2003) (findings and recommendation noting distinction between straight probation cases and deferred adjudication cases when considering finality of judgment under subparagraph (A); Texas courts enter judgments when imposing straight or shock probation as opposed to orders for deferred adjudication), *accepted by* 2004 WL 993822 (N.D. Tex. Feb. 12, 2004). Regardless, the Court assumes for purposes of this motion only that the "judgments" of revocation are sufficient to invoke a finality analysis under § 2244(d)(1)(A) because such assumption gives petitioner the greatest benefit of the doubt with respect to the timeliness of his petitions but ultimately makes no difference to the final conclusion of the Court.

*Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (rejecting reliance upon the date of mandate). Petitioner's relevant state "judgments" thus became final on January 9, 2002.

With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petitions for habeas relief also became known or could have become known prior to the date petitioner's relevant state judgments became final on January 9, 2002. The claims that his attorney rendered ineffective assistance would have been known at the revocation hearing of February 24, 2000. It further appears that on February 24, 2000, petitioner would have known the factual basis for his claims of illegal or unconstitutional use of evidence and abuse of discretion by the trial court. In addition, because petitioner raised the claim related to the missing 1989 state records on direct appeal, he clearly knew the factual predicate of such claim before his appeal was resolved on November 8, 2001.

Because petitioner filed his federal petitions more than one year after his "judgments" of revocation became final on January 9, 2002, a literal application of § 2244(d)(1) renders petitioner's April 29, 2003 filing untimely.

## II. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas applications were pending before the Texas state courts. *See also*, *Henderson v. Johnson*, 1 F. Supp. 2d 650, 652 (N.D.

Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

When petitioner filed his state petitions on January 13, 2003, the statutory tolling period had already expired. Accordingly, the statutory tolling provision does not save the federal petitions filed April 29, 2003. Further, nothing in the petitions or memoranda in support of them indicate that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling); *Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998) (same). Accordingly, petitioner's April 29, 2003 filings fall outside the statutory period and should be deemed untimely.

### IV.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the requests for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** them with prejudice.

**SIGNED this 11th day of April, 2005.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE